900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Anthony CLARK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5722.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 Steven Anthony Clark, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985, Clark pleaded guilty to knowingly conspiring to dispose of stolen bank funds in violation of 18 U.S.C. Sec. 2113(c). He was sentenced to five years probation, fined $1000 and ordered to make restitution in the amount of $240.00. In 1987, Clark's probation was revoked because he had pleaded guilty to an Ohio bank robbery. He was sentenced to five years imprisonment to be served consecutively to the ten year sentence he received for the Ohio bank robbery.
 
 
 4
 Thereafter, Clark filed the instant motion arguing: 1) his 1985 guilty plea was not knowingly and voluntarily entered; 2) the court did not establish a factual basis for the plea; and 3) he received ineffective assistance of counsel during the 1987 probation revocation proceeding. The magistrate recommended the motion be denied, finding that Clark's 1985 guilty plea was voluntarily and intelligently entered, and that counsel did not render deficient performance during the probation revocation hearing. The district court adopted the magistrate's recommendation over Clark's objections and later denied his motion to alter or amend the judgment filed pursuant to Fed.R.Civ.P. 59(e).
 
 
 5
 Upon review, we affirm the district court's judgment as a review of the plea colloquy indicates that Clark's 1985 plea was voluntarily entered with a full understanding of the direct consequences of the plea. See Brady v. United States, 397 U.S. 742, 755 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Clark was informed of his right to a jury trial, of his right to confront and cross-examine witnesses, and that the prosecution was required to prove guilt beyond a reasonable doubt. Clark was also advised of his privilege against self-incrimination, of the maximum penalty that could be imposed, and he stated that he was satisfied with counsel's representation. Thus, the record clearly establishes that Clark's plea was voluntary.
 
 
 6
 Nor do we find any merit to Clark's individual claims. Clark argued that his plea was involuntary because he did not know the "thesis" of aiding and abetting. Even if this allegation were true, the voluntariness of Clark's plea was not affected because he did not plead guilty to aiding and abetting. Moreover, Clark's allegation that he was improperly influenced to plead guilty is refuted by the record, as he stated that no one had promised him anything, nor had anyone threatened him. Finally, Clark was sufficiently apprised of the penal consequences of the plea because he was advised of the maximum penalty that could be imposed.
 
 
 7
 The court also established a factual basis for the plea. Clark stated that his co-defendant gave him $20 to buy shirts, and later gave him $240 which he spent at the Holiday Inn hotel. Clark also stated that he knew the money had been stolen from a bank. We conclude that these statements were sufficient to establish a factual basis to support a conviction under 18 U.S.C. Sec. 2113(c).
 
 
 8
 Finally, Clark's counsel did not render ineffective assistance of counsel during the probation revocation proceeding. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel did request that the court impose a concurrent sentence. Moreover, Clark cannot claim that he was surprised by the imposition of a consecutive sentence because during the 1985 proceeding the court warned him that his involvement in any more trouble while on probation would result in his being sent to prison to serve the original five year sentence.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation